UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LEONELA MATEO | * | CIVIL ACTION NO: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| STATE FARM INSURANCE COMPANY | * | MAGISTRATE: |

*******************************************************************

## NOTICE OF REMOVAL

State Farm Mutual Automobile Insurance Company, pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action bearing case number 14-5931 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is properly before citizens of different states. The grounds for removal are as follows:

I.

According to the Petition for Damages, Leonela Mateo is a person of the full age and majority who is domiciled in the State of Louisiana.

II.

Defendant, State Farm Mutual Automobile Insurance Company, erroneously identified as State Farm Insurance Company, is a foreign insurer duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

Our File: 842.0303                                      1

III.

Plaintiff, Leonela Mateo, alleges that she is entitled to the full value of her 2005 BMW X3 as a result of an alleged theft that is alleged to have occurred on or about March 4, 2014, for which plaintiff alleges she suffered property losses, personal injuries, mental anguish, inconvenience and sustained financial losses, plus all penalties and damages as provided for in La. R.S. 22:1892 and/or 22:1973, including bad faith penalties and attorney's fees and all costs of court.

Further, plaintiff alleges that as a result of the alleged theft, she has suffered physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

   a) Mental pain and suffering;
   b) Negligent infliction of emotional distress;
   c) Medical expenses;
   d) Inconvenience;
   e) Property Damages;
   f) Loss of enjoyment of life;
   g) Loss of earning capacity;
   h) Bad faith penalties and attorney's fees pursuant to La. R.S. 22:1892 and/or 22:1973;
   i) All damages allowed under Louisiana law which may be proven at the trial of this matter.

IV.

Considering the claims for damages asserted by plaintiff, and considering the time delays allowed for filing this Notice of Removal, defendant avers that the plaintiff's claims meet the jurisdictional limit required for removal.

V.

For purpose of this removal, it is "facially apparent" from the petition that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, when the plaintiffs' claims against defendant are considered, and because plaintiffs have not stipulated and the Petition for Damages does not aver that plaintiffs'

cause of action does not exceed $75,000.00, exclusive of interest and costs, nor does plaintiffs' Petition offer a binding stipulation that plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to Davis, et al v. State Farm, et al, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006).

VI.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F. 3d 730 (5th Cir. 2002).

VII.

If, under state law, the plaintiff will not be limited to recovery of the amount pleaded in his lawsuit, the Court must look to the true amount in controversy. See De Aguilar v. Boeing Co., 47 F. 3d 1404, 1410 (5th Cir. 1995).

VIII.

"This maxim contemplates the existence of a state statute or doctrine that entitles a plaintiff to recover more than he has demanded. Louisiana is such a state, and has been at least since 1960 when its Code of Civil Procedure was enacted." Grant v. Chevron Phillips Chemical Co., 309 F. 3d 864, 869 (5th Cir. 2002).

IX.

"It is a general rule that 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith." De Aguilar, 47 F. 3d at 1408 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). However, '[t]he face of the plaintiff's pleading will not control if made in bad faith.' Id. at 1410; see Pendleton v. Parke-Davis, 2000 WL

1808500 (E.D. La. 2000); see also Shaffer v. Palm Harbor Homes, Inc., 328 F. Supp. 2d 633, 635 (N.D. Miss. 2004); Hood v. Gulf States Pipeline Corp., 2006 WL 548625 (W.D. La. 2006).

X.

In Grant, the Fifth Circuit stated:

> To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."

(Internal citations omitted.) (Emphasis in original.)

XI.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000." Grant, 309 F. 3d at 869, quoting De Aguilar, 47 F. 3d at 1412; see also Hood v. Gulf States Pipeline Corp., 2006 WL 548625, (W.D. La. 2006).

XII.

While defendant admits no liability nor any element of damages, under the rules of DeAguilar and Grant, State Farm Mutual Automobile Insurance Company has met its burden of showing by a preponderance of evidence that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.

XIII.

Defendant, State Farm Mutual Automobile Insurance Company, was served with the Petition for Damages through its designated agent, the Secretary of State for the State of Louisiana, on September 22, 2014 and received actual notice of the suit and a copy of the pleading from the Secretary of State on September 25, 2014  See Exhibit A.  Therefore, this Notice of Removal is timely pursuant to 28 U. S. C. § 1446(b); see also Fields v. Markel Ins. Co., 2010 WL 148293 (ED La. 2010); citing Martin & Pannagl, Ltd. v. Scottsdale Ins. Co., 2007 WL 7080780 (ED La. 2007) ("the thirty day period commences upon actual receipt of formal service by the named defendant as opposed to service upon the statutory agent").

XIV.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm Mutual Automobile Insurance Company are attached to this Notice of Removal.  See Ex. A.

XV.

Concurrent with the filing of this Notice of Removal, written notice is being given to all adverse parties and a copy of this Notice of Removal is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, State Farm Mutual Automobile Insurance Company, hereby gives notice that the proceeding bearing number 14-5931 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, has been removed to the docket of this Court for trial and determination as provided by law.  Removing defendant prays that this Court enter such order and issue such process as may be proper to bring before it a copy of all records and proceedings

in the State Court case, and there upon proceed with the civil action as if it had originally commenced in this Court.

                        Respectfully submitted;

                        **S/PATRICK D. DeROUEN**
                        **PATRICK D. DeROUEN, ESQ. (20535)**
                        **LAURIE L. DeARMOND, ESQ. (26622)**
                        **DeROUEN LAW FIRM**
                        650 Poydras Street, Suite 2230
                        New Orleans, Louisiana  70130
                        Telephone: (504) 274-3660
                        Email: pderouen@derouenlaw.com
                                    ldearmond@derouenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2014, a copy of the above and foregoing was served on all counsel of record by the electronic filing system/ECF.

                        **S/PATRICK D. DeROUEN**
                        **PATRICK D. DeROUEN, ESQ.**
                        **LAURIE L. DeARMOND, ESQ.**

Our File: 842.0303                         6