UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONELA MATEO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2437** |
| **STATE FARM AUTOMOBILE INSURANCE COMPANY** | **SECTION "C"** |

## ORDER

The Court previously ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 4. Before the Court is a memorandum from defendant on this issue, plaintiff having submitted no memorandum. Rec. Doc. 5. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to the state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it

1

is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983).

In this matter, the plaintiff, Leonela Mateo ("Mateo"), claims damages for the theft of her automobile on or about March 4, 2014. Rec. Doc. 1-2 at 3. Plaintiff filed this suit on on September 24, 2014 in the Civil District Court for the Parish of Orleans. *Id.* at 4. In addition to the cost of replacing her automobile, plaintiff claims damages for mental pain and suffering, negligent infliction of emotional distress, medical expenses, inconvenience, property damages, loss of enjoyment of life, loss of earning capacity, and bad faith penalties and attorney's fees pursuant to La R.S. 22:1892 and 22:1973. Rec. Doc. 1 -2 at 4.

In response to the Court's order for briefing to show that the jurisdictional minimum is satisfied, State Farm argues that it is facially apparent from the petition that the amount in controversy exceeds $75,000. Rec. Doc. 5 at 2-6. The Court disagrees. As defendant concedes, the value of the vehicle has been valued at $12,000 or more. Rec. Doc. 5-1. As discussed above, plaintiff also claims damages for, *inter alia,* mental pain and suffering, emotional distress, and medical expenses. Rec. Doc. 1-2 at 4. However, plaintiff's petition does not specify the types of injuries, property loss, inconvenience or emotional distress that she has sustained, and thus the Court lacks the ability to determine the range of possible damages for these claims. In addition, penalties under

La R.S. 22:1892 and 22:1973 are at most $1000 or $5000, and plaintiff may only claim an award under one of the two statutes. Rec. Doc. 5 at 6. Given the indeterminacy of the estimated cost of replacement for plaintiff's automobile, the lack of specificity for the other claimed damages, and the relatively small amount of statutory penalties available, it is not facially apparent from the complaint that the total value of these damages exceeds $75,000.

Defendant also argues that because plaintiff did not aver in her state court petition that the damages do not exceed $75,000, plaintiff has effectively made a "tacit concession" that the amount in controversy exceeds $75,000. *Id*. at 2. In support of this argument, plaintiff cites to *Kerr v. State Farm Fire & Cas. Co.*, 2011 WL 2160871 (M.D. La. 2011). However, in *Kerr*, the court held that the non-removing party need only have filed a binding stipulation or affidavit with the complaint that the amount in controversy does not exceed $75,000 if "the moving party can produce a preponderance of the evidence to show that the amount in controversy requirement is met." *Id*. at *1. Here, the Court has already concluded that the defendant has not shown that the amount in controversy requirement is met. Accordingly, there is no requirement for plaintiff to have stipulated in her complaint that the amount in dispute does not exceed $75,000. Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 4th day of March, 2015.

HELEN G. BERRIGAN
**UNITED STATES DISTRICT JUDGE**

3